PER CURIAM.
The appellants, who were the plaintiffs in the trial court, have appealed from a final decree dismissing their complaint for in-junctive relief and declaratory decree. The appellees are the Board of Commissioners of Monroe County, the Zoning Director, and a property owner, Theodore G. Small-wood. Plaintiffs-Appellants’ complaint attempted to present a controversy arising out of the rezoning of certain property.
The complaint sets forth a history of the rezoning. It appears that the defendant-ap-pellee, Smallwood, was the owner of certain property which was zoned for residential use. The appellants owned property in the same general area. On September 11, 1961, Smallwood applied to the Monroe County Zoning Board for a public hearing to rezone his property from RU-1 (residential) to BU-2 (business). The Zoning Board approved the application, and the appellants filed an appeal to the Monroe County Board of County Commissioners.
This appeal was pursuant to Section 8 of Chapter 61-2503, Laws of Florida, Special Acts 1961. This chapter, which was House Bill No. 2431, is an act authorizing the Board of County Commissioners of Monroe County to adopt zoning and building regulations in the territory within Monroe County which is not included in the corporate limits of any city or town. In addition, the chapter sets forth procedures to be followed by the County Commission and provides for a Zoning Board. One of the provisions made is for review of a decision of the Zoning Board by the County Commission.[1]
At its regular meeting on November 14, 1961, the Commission members present voted unanimously to reverse the Zoning Board’s approval of the change sought by appellee, Smallwood, and thus maintained intact the then existing RU-1 (residential) classification. At its regular meeting on December 5, 1961, the Commission considered a petition from the appellee, Small-wood, requesting rescission of the Commission’s action of November 14th. Action on the petition for rescission was deferred until December 12, 1961; at that time the County Commission granted the appellee Smallwood’s petition, thus reversing its decision against the rezoning. On February 6, 1962, at a special meeting, the Commission deadlocked two-to-two on a vote to reverse its decision of December 12, 1961, thus maintaining the status quo of December 12, 1961, which was, in effect, an approval of the rezoning.
*414 The appellants next filed their complaint netting out the history briefly given above, and sought a declaratory decree that the actions of the County Commissioners, taken in connection with the subject matter ■subsequent to November 14, 1961, were void plus other incidental relief. Upon a motion to dismiss, the chancellor dismissed the ■cause of action.
The appellants urge that they were seeking a justifiable declaration by the Circuit ■Court of the County Commission’s authority in applying various provisions of the County zoning law. It is maintained that a question exists as to the legality of the action of the County Commission, taken after November 14, 1961, when it is alleged the Commission had no further jurisdiction in the matter. In this connection appellant relies upon the following provision in Section 10 ■of Chapter 61-2503:
“Any person or persons, jointly or severally, who may be aggrieved by any decision of the Board of County Commissioners made pursuant to a review ■of any decision or action of the Zoning Board or the Board of Adjustment, or any taxpayer, may, within thirty (30) days after such decision, but not thereafter, apply to said Circuit Court for relief.”
A careful review of the Act in its entirety reveals a provision that any person who may be aggrieved by an action of the Board ■of County Commissioners may apply to the Board at any time for modification or rescission. This provision appears in the first paragraph of Section 10. A further provision in Section 10 reads as follows:
“It is the intention of the Legislature that all steps as provided in this Act with regard to appeal and review shall be taken before any application may be made to the Court for relief from matters or things appealable and reviewable hereunder, and that relief through the Courts shall be had only from decisions, regulations, restrictions and resolutions made by the Board of County Commissioners.”
It is therefore apparent that the County Commissioners had a right, if not a duty, to consider Smallwood’s petition for rehearing filed in December, 1961. The principal attack of the appellant on the action of the County Commission, rendered on February 6,1962, being that they were without jurisdiction to grant the petition is untenable.
Therefore, we specifically hold that the County Commission, from the record in this case, had the jurisdiction to pass upon the petition for rehearing and the action of the chancellor was correct in dismissing the cause.
Affirmed.

. Section 8 of the Act provides in part as follows:
“ (2) The Zoning Board shall have the authority and duty to consider and act upon applications for District Boundary changes, after a public hearing as prescribed in Section 5. All decisions of the Zoning Board covering District Boundaries shall be by resolution concurred in by three (3) members of the Zoning Board, and shall become final after twenty-one (21) days from the date of said decision, unless appealed to the Board of County Commissioners. All appeals from decisions of the Zoning Board shall be filed with the County Zoning Director on forms prescribed by the County Commission, within twenty-one (21) days and not thereafter. An appeal from a decision of the Zoning Board may be taken by an applicant or his agent, or an aggrieved party whose name appears on the record of the Zoning Board. The Board of County Commissioners, after considering said appeal, shall by resolution either confirm, modify or reverse the decision of the Zoning Board.”